JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ironshore Specialty Insurance Company, in its own right and as subrogee of Northeast Ship Repair, Inc. | United States of America and General Dynamics America Overseas Marine Corporation |

| | |
|---|---|
| (b) County of Residence of First Listed Plaintiff     Maricopa | County of Residence of First Listed Defendant _____ |
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| James E. Carroll & Gillian A. Woolf, Nelson Mullins Riley & Scarborough One Post Office Square, 30th Floor, Boston, MA 02109 617-573-4700 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 690 Other | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☒ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

Also under TORTS — PERSONAL INJURY (second column): ☐ 365 Personal Injury - Product Liability; ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability; ☐ 368 Asbestos Personal Injury Product Liability. **PERSONAL PROPERTY**: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability.

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. s. 2701

Brief description of cause:
Plaintiff has sustained damages as a result of an oil spill on July 9, 2014.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
2,702,581.64

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
06/09/2015

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Ironshore Specialty Insurance Company v. United States of America

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

[  ] I.   410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

[  ] II.  110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*,  850, 870,  871.

[✓] III. 120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315,  330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555,  625, 690, 751, 791, 861-865,  890, 896, 899, 950.

*Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES [  ]     NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

YES [  ]     NO [✓]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES [  ]     NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES [  ]     NO [✓]

7. Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES [✓]     NO [  ]

A.   If yes, in which division do all of the non-governmental parties reside?

Eastern Division [✓]          Central Division [  ]          Western Division [  ]

B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division [  ]          Central Division [  ]          Western Division [  ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES [  ]     NO [  ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME James E Carroll, Nelson Mullins Riley & Scarborough, LLP

ADDRESS One Post Office Square, 30th Floor, Boston, MA 02109

TELEPHONE NO. 617-202-4610

(CategoryForm9-2014.wpd )

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IRONSHORE SPECIALTY INSURANCE COMPANY, in its own right and as subrogee of NORTHEAST SHIP REPAIR, INC. | ) ) ) ) | |
| *Plaintiff,* | ) ) | Civil Action No. _____ |
| - against - | ) ) | |
| UNITED STATES OF AMERICA and GENERAL DYNAMICS AMERICAN OVERSEAS MARINE CORPORATION, | ) ) ) ) | |
| *Defendants.* | ) ) | |

**VERIFIED COMPLAINT**

Plaintiff, IRONSHORE SPECIALTY INSURANCE COMPANY, in its own right and as subrogee of NORTHEAST SHIP REPAIR, INC. (hereinafter "Plaintiff" or "Ironshore"), by and through its undersigned attorneys, alleges as follows upon information and belief:

**PARTIES**

1.      Plaintiff, Ironshore, is a corporation organized and existing under the laws of Arizona, with a place of business at 75 Federal Street, 5th Floor, Boston, Massachusetts 02110.

2.      Defendant, United States of America, is named as sovereign, *eo nomine*. Military Sealift Command ("MSC") is a subcomponent or agency within the United States Navy; a branch of the military of the United States of America.   Upon information and belief, at all times material hereto, MSC was the registered owner of the United States Naval Ship "FISHER" ("USNS FISHER" or the "Vessel").

1

3.     Upon information and belief, Defendant, GENERAL DYNAMICS AMERICAN OVERSEAS MARINE CORPORATION ("AMSEA"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 150 Newport Avenue Extension, N. Quincy, MA 02171.

4.     At all times material hereto, AMSEA was the operator of the USNS FISHER.

## JURISDICTION

5.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because Plaintiff seeks recovery of damages under the Federal Oil Pollution Act (28 U.S.C. § 2701, *et seq*) ("OPA '90").

6.     Alternatively, this Court has admiralty jurisdiction over this action pursuant to 28 U.S.C. § 1333 because this action is an admiralty action and maritime claim within the meaning of Fed. R. Civ. P. 9(h).

7.     Additionally, jurisdiction is proper under the Suits in Admiralty Act, 46 U.S.C. § 30903 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

8.     Venue for this action is proper in this District under 46 U.S.C. § 30906 because Plaintiff maintains a place of business in this District and all Defendants are subject to personal jurisdiction in this District.

9.     Venue is also proper under 33 U.S.C. § 2717(b) because the damages alleged herein occurred within this District.

## FACTUAL ALLEGATIONS

10.     Ironshore brings this action in its own right and as subrogee of Northeast Ship Repair, Inc., doing business as Boston Ship Repair LLC (hereinafter "BSR"), under Pollution Policy Number 001090901.

11.     In pertinent part, BSR operates a ship repair yard located at 32A Drydock Avenue in Boston, Massachusetts.

12.     On or about May 7, 2014, by Purchase Order No. 301VL0075444, BSR entered into an agreement with Defendant AMSEA to provide labor, materials, and services to accomplish various maintenance and repairs on the USNS FISHER.

13.     Performance under the Purchase Order was to begin on Monday, June 16, 2014 and to continue for forty-five (45) consecutive calendar days (*i.e.* – until July 31, 2014).

14.     On or about July 9, 2014, an oil spill occurred from the overflow tank vent located on the starboard aft quarter of the USNS FISHER during an internal fuel transfer performed by the Vessel's crew members (the "Spill").

15.     The Spill released eleven thousand three hundred two (11,302) gallons of diesel fuel from the Vessel into BSR's dock and threatened to spill over into Boston Harbor, severely disrupting BSR's business, and causing significant damages.

16.     Despite being the responsible parties for the Spill, Defendants failed, neglected, and refused to take any efforts to respond and/or remove the oil spilled from their Vessel.

17.     Cleanup and containment measures were necessarily undertaken by BSR immediately upon discovery of the discharge.

18.     BSR duly reported the incident to the United States Coast Guard National Response Center, activated various oil spill response organizations, and assumed responsibility for the ensuing spill removal operation.

19.     To date, BSR's interested pollution underwriters at Ironshore have remunerated emergency response, removal, and remediation costs caused by the Spill in an amount not less than USD 2,702,581.64.   The quantum of damages sustained by Ironshore as a result of the Spill

3

continues to increase as additional invoices for emergency response, removal and remediation costs are submitted to Ironshore for review, approval, and when/if appropriate, for payment.

20.     By virtue of such payments, Ironshore has become subrogated to the rights of BSR and is the real party in interest with respect to amounts paid pursuant to BSR's Pollution Policy Number 001090901.

## FIRST CAUSE OF ACTION

21.     Plaintiff refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

22.     MSC is a "responsible party" under OPA '90 and liable to Plaintiff for removal costs and damages that resulted from the Spill because, at all relevant times, MSC owned the USNS FISHER.

23.     AMSEA is a "responsible party" under OPA '90 and liable to Plaintiff for removal costs and damages that resulted from the Spill because, at all relevant times, AMSEA was the operator of the USNS FISHER.

24.     The oil that was released as a result of the Spill and which caused Plaintiff's damages was discharged from the USNS FISHER into BSR's drydock and threatened to spill over into Boston Harbor; the navigable waters of the United States.

25.     As a result of the Spill, Plaintiff incurred removal costs in an amount no less than USD 2,702,581.64 for acts taken by BSR which were consistent with the National Contingency Plan.

26.     As the responsible parties for the Vessel from which oil was discharged, posing a substantial threat into the navigable waters of the United States of America, MSC and AMSEA are liable for the removal costs and damages resulting from the Spill.

27.     Accordingly, Plaintiff is entitled to reimbursement from Defendants of all removal costs and damages incurred as a result of the Spill.

## SECOND CAUSE OF ACTION

28.     Plaintiff refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

29.     Defendants owed legal duties to Plaintiff to use reasonable care in operating the USNS FISHER to avoid causing injury and damage to Plaintiff and to the environment.

30.     Defendants breached these legal duties by failing to use reasonable care in operating the USNS FISHER, negligently conducting an internal fuel transfer, and causing the discharge of oil from the USNS FISHER that was released in the Spill into BSR's drydock and which threatened to spill over into Boston Harbor.

31.     Defendants' breaches of these legal duties were the direct and/or proximate cause of the Spill.

32.     Defendants' breaches of these legal duties were the direct and/or proximate cause of injury and damage to Plaintiff.

## THIRD CAUSE OF ACTION

33.     Plaintiff refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

34.     Plaintiff has sustained "damages" as defined in 33 U.S.C. § 2702(b)(2) for, *inter alia*, removal costs in an amount no less than USD 2,702,581.64 for acts taken by BSR which were consistent with the National Contingency Plan.

35.     OPA '90 provides that "each responsible party for a vessel or facility from which oil is discharged . . . is liable for the removal costs and damages . . . that result from such incident." 33 U.S.C. § 2702(a).

36.     Both MSC, as the registered owner of the Vessel, and AMSEA, as its operator, are responsible parties under OPA '90. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and OPA '90, 33 U.S.C. § 2717(f)(2), Plaintiff is entitled to, and hereby seeks, a declaratory judgment that is binding in this action and any subsequent action or actions against Defendants that Defendants are responsible and strictly liable for removal costs and damages under OPA '90.

## NOTICE & CONDITION PRECEDENT

37.     Pursuant to Clause 15(b) of the General Terms and Conditions attached as Enclosure B to the Purchase Order and forming a part of the contract between BSR and Defendant AMSEA, Ironshore, as subrogated insurer for BSR, refuses arbitration in favor of the instant legal proceeding.

38.     On February 2, 2015, Ironshore presented a claim for reimbursement of removal costs in the sum of USD 2,208,271.69 to Defendants AMSEA and MSC, respectively, as the responsible parties for the Spill.

39.     By letter dated April 28, 2015, Defendants AMSEA and MSC have denied all responsibility and liability to Ironshore for the Spill and have refused to pay the claim.

40.     As such, all notices and conditions precedent have been performed or have occurred.

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment in its favor and against the Defendants United States of America and General Dynamics American Overseas Marine Corporation for the following:

(a) reimbursement of all removal costs and damages incurred by Plaintiff in a sum to be determined by the trier of fact;

(b) a declaratory judgment that the Defendants are jointly and severally liable under 33 U.S.C. § 2702(a) for all removal costs and damages resulting from the Spill, which will be binding on this action and on any subsequent action or actions to recover removal costs or damages.

(c) attorney fees and expenses;

(d) costs of court and suit;

(e) pre-judgment interest and post-judgment interest to the maximum extent allowed by law; and

(f) such other and further relief, in law and equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

Date:  June 9, 2015
       Boston, MA

/s/      *James E. Carroll*
James E. Carroll, Esq. BBO No. 541824
Gillian A. Woolf, Esq. BBO No. 656727
Nelson Mullins Riley & Scarborough
One Post Office Square, 30th Floor
Boston, MA 02109
Phone: (617)-573-4700
Fax: (617)-573-4710
Email: james.carroll@nelsonmullins.com
        gillian.woolf@nelsonmullins.com

7

OF COUNSEL
George M. Chalos (*pro hac application forthcoming*)
CHALOS & CO, P.C.
55 Hamilton Avenue
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IRONSHORE SPECIALTY INSURANCE COMPANY, in its own right and as subrogee of NORTHEAST SHIP REPAIR, INC. | ) ) ) ) | |
| *Plaintiff,* | ) ) | Civil Action No. _____ |
| - against - | ) ) | |
| UNITED STATES OF AMERICA and GENERAL DYNAMICS AMERICAN OVERSEAS MARINE CORPORATION, | ) ) ) ) | |
| *Defendants.* | ) ) | |

Pursuant to 28 U.S.C. §1746, I, Domenic Serratore, declare under the penalty of perjury:

1.      I am a representative of IRONSHORE SPECIALTY INSURANCE COMPANY, and authorized to act on the company's behalf.

2.      I have read the foregoing Verified Complaint and know the contents thereof; and

3.      I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

Date:   June 8, 2015
        Boston, MA

By: _____
Domenic Serratore, Assistant Secretary
Representative of IRONSHORE
SPECIALTY INSURANCE COMPANY.

1